# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| WANDA S. MILLER, | : |
| Plaintiff, | : |
| | Case No. 3:11-cv-133 |
| vs. | : |
| | : District Judge Walter H. Rice |
| MICHAEL J. ASTRUE, | Magistrate Judge Michael J. Newman |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | |
| | : |
| Defendant. | |

## REPORT AND RECOMMENDATION[1] and
## NOTICE REGARDING OBJECTIONS

This is a Social Security case brought pursuant to 42 U.S.C. § 405(g). Presently before the Court is the Commissioner's Motion for Entry of Judgment With Remand Under Sentence Four of 42 U.S.C. § 405(g). Doc. 11. The motion requests that the Court enter judgment reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), and remand this case back to the Administrative Law Judge ("ALJ") to "further evaluate the weight given to the opinions of the claimant's treating physicians, as well as any assessments provided by consultative examiners," and to "re-consider the claimant's residual functional capacity." *Id*. at PageID 977.

Plaintiff Wanda Miller (hereinafter "Plaintiff") objects to the limited scope of the remand sought by the Commissioner's motion. Doc. 14. Plaintiff contends not only that the ALJ improperly weighed the opinions of her treating medical sources, but also that the ALJ erred by failing to apply

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

the doctrine of *res judicata* in his determination of disability. Doc. 8. Plaintiff's *res judicata* argument is premised on her receipt of Supplemental Security Income ("SSI") benefits from September 2003 until October 2004, which were based upon an application that she filed prior to the application at issue in this case. *See* doc. 14. Plaintiff's SSI benefits were awarded upon an initial determination -- made at the administrative level -- that she was disabled. *Id*. Plaintiff's SSI benefits were terminated approximately thirteen months later when she became incarcerated. *See* 20 C.F.R. § 416.211(a); PageID 92, 141, 152.

In her Statement of Errors and opposition to the Commissioner's motion, Plaintiff contends that the ALJ erred in his October 8, 2009 decision by not applying *res judicata* -- as required by *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) -- to the prior administrative determination that she was disabled. *See* docs. 8, 14. Plaintiff argues that any remand of this case should direct the ALJ to address the applicability of *res judicata* in light of the prior administrative determination of disability in 2003.

**I.**

The issue of whether *res judicata* is applicable to an initial determination at the administrative level that a claimant in a Social Security proceeding is "disabled" is not one of first impression in this Division. Recently, in *Harris v. Comm'r of Soc. Sec.,* Case No. 3:09-cv-260, Judge Rice adopted Magistrate Judge Ovington's Report and Recommendation ("R&R") that specifically addressed this issue under a factually similar scenario. *See Harris,* No. 3:09-cv-260, 2010 U.S. Dist. LEXIS 103013 (S.D. Ohio May 21, 2010) (Ovington, M.J.) (R&R); *Harris,* No. 3:09-cv-260, 2010 U.S. Dist. LEXIS 103008 (S.D. Ohio Sept. 29, 2010) (Rice, J.) (Order adopting R&R). In *Harris,* the claimant's SSI benefits were terminated after five months because the

proceeds from a workers' compensation settlement put her over-income. Recently, in *Harris v. Comm'r of Soc. Sec.*, Case No. 3:09-cv-260, District Judge Walter Rice adopted Magistrate Judge Sharon Ovington's Report and Recommendation that specifically addressed this issue under a factually-similar scenario. 2010 U.S. Dist. LEXIS 103008 (S.D. Ohio, Sept. 29, 2010)(adopting *Harris v. Astrue*, 2010 U.S. Dist. LEXIS 103013 (S.D. Ohio, May 21, 2010)). In that case, the claimant's SSI benefits were terminated after five months because the proceeds from a workers' compensation settlement put her over-income. 2010 U.S. Dist. LEXIS 103013, at *4. The Court found that, under *Drummond*, the Commissioner erred by failing to apply the correct legal standard, with regard to *res judicata,* to a prior initial administrative determination of disability when claimant subsequently filed another application for SSI. *Id*. at *11-16. In finding that the case should be remanded to the ALJ on the issue of *res judicata*, the Court opined:

> The Court of Appeals held in *Drummond*, "Absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." 126 F.3d at 842 (citations omitted). "The burden is on the Commissioner to prove changed circumstances and therefore escape the principles of *res judicata*." *Drummond*, 126 F.3d at 843.
> In the present case the Commissioner argues that *Drummond* applies only to prior ALJ decisions, not to other agency decisions. Consequently, according to the Commissioner, ALJ Armstead was not obligated by *Drummond* to discuss or apply *res judicata* to the prior disability examiner's determination that Plaintiff met Listing 12.04.
> The Commissioner's contention lacks merit. Although the previous administrative decision was not made by an ALJ, it did constitute a determination by the Social Security Administration that Plaintiff met Listing 12.05. *See* Tr. 33, 51; *cf*. 20 C.F.R. §404.901 (defining "determination" to include "the initial determination or the reconsidered determination"). Such determinations are "subject to the doctrine of administrative *res judicata*." *Drummond*, 126 F.3d at 841 (citing *Draper v. Sullivan*, 899 F.2d 1127, 1130 (6th Cir. 1990)). This determination, moreover, constituted a final decision concerning Plaintiff's entitlement to benefits because it resulted in Plaintiff actually receiving SSI. *See* Tr. 51 (Notice of Award explaining to Plaintiff that she was both medically and non-medically eligible to receive SSI and explaining the amount of benefits she would receive). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the

3

Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842.

To avoid *Drummond* the Commissioner parenthetically and partially quotes Acquiescence Ruling 98-4(6), 1998 SSR LEXIS 5 at *8, 1998 WL 283902 (June 1, 1998), as follows: "*Drummond* 'applies only to a finding of a claimant's residual functional capacity ... which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim.[']" (Doc. #10 at 55). [Footnote: The omitted language of AR 98-4(6), 1998 SSR LEXIS 5 indicates that Drummond applies to other required findings at a step of an ALJ's sequential evaluation, "as appropriate...." 1998 SSR LEXIS 5 at *8, 1998 WL 283902 at *3).] Yet on this point, AR 98-4(6), 1998 SSR LEXIS 5 is inconsistent with the statement in *Drummond*, just quoted, that "[a]n initial determination is subject to the doctrine of administrative *res judicata*." *Drummond*, 126 F.3d at 841. AR 98-4(6), 1998 SSR LEXIS 5 does not aid the Commissioner in overcoming the ALJ's failure to discuss or apply *Drummond* because ALJs in this District must follow *Drummond* and may not avoid doing so based AR 98-4(6)'s omission of *Drummond*'s direction to ALJs to consider *res judicata*. The Commissioner's Acquiescence Rulings -- like the Commissioner's Regulations -- are not the supreme law of the land. "It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madison*, 5 U.S. 137 (1803), ["]and the [Commissioner] will ignore that principle at [her] peril." *Hutchison for Hutchison v. Chater*, 99 F.3d 286, 287-88 (8th Cir. 1996) (other citations omitted) (brackets in *Hutchison*).

It is, moreover, questionable whether AR 98-4(6), 1998 SSR LEXIS 5 is fully consistent with *Drummond* since AR 98-4(6), 1998 SSR LEXIS 5 does not use the phrase "improvement in a claimant's condition" when instructing ALJs how to apply *Drummond*. It instead permits ALJs to use "new and material evidence relating to such a [prior] finding ..." to avoid administrative *res judicata* without considering whether such evidence also shows improvement in a claimant's condition. This leaves an ALJ free to overlook the Commissioner's burden, under *Drummond*, to point to evidence of improvement in a claimant's condition. *See Drummond*, 126 F.3d at 841-42.

Accordingly, ALJ Armstead's failure to address or apply *Drummond* constituted error.

*Id*. at *11-15.

The Court's analysis in *Harris* is directly applicable to the case at bar. Not only does *Harris* share legal and factual similarities with the allegations contained in Plaintiff's Statement of Errors, *see* doc. 8, but the same arguments made by the Commissioner in opposing the application of *res judicata* in that case -- which were rejected by Judge Rice and Magistrate Judge Ovington -- are

4

repeated in his opposition here. *See* doc. 15. The Court finds no reason to reverse its position on the applicability of *res judicata* to initial determinations of disability made at the administrative level.

## II.

After carefully considering the parties' respective positions and the recent precedent of this Division, the Court finds Plaintiff's opposition to the limited scope of the Commissioner's requested remand to be well-taken. Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of §405(g) due to the ALJ's failure to discuss or apply *Drummond* to the prior initial administrative determination that she was disabled.

On remand, the ALJ should be directed to: (1) determine whether administrative *res judicata* applies to the prior administrative determination that Plaintiff was disabled; (2) determine whether the Commissioner has met his burden to show medical improvement as set forth in *Drummond*; (3) if benefits are not awarded based upon the prior administrative determination of disability, review Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and thus eligible to receive SSI; (4) reevaluate the weight given to the opinions of Plaintiff's treating physicians, as well as any assessments provided by consultative examiners; and (5) reconsider the claimant's residual functional capacity.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Commissioner of Social Security's Motion for Entry of Judgment With Remand Under Sentence Four of 42 U.S.C. § 405(g) (Doc. 11) be **GRANTED**;

2. The ALJ's decision be **REVERSED**;

3. This matter be **REMANDED** to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. §405(g) for further proceedings consistent with this Report and Recommendation; and

4. The case be **TERMINATED** on the docket of this Court.


January 25, 2012

s/ **Michael J. Newman**
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).