UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WANDA S. MILLER,

      Plaintiff,                        Case No. 3:11-cv-133

vs.

COMMISSIONER OF                  District Judge Walter H. Rice
SOCIAL SECURITY,             Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION:[1] (1) GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES (DOC. 21); AND (2) AWARDING FEES PURSUANT TO 42 U.S.C. § 406(b) IN THE AMOUNT OF $10,381.26**

---

On September 28, 2012, Judge Rice approved the undersigned's Report and Recommendation, reversed the Commissioner's non-disability finding, and remanded this case to the Administrative Law Judge ("ALJ") under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.  Doc. 19.  This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1). Doc. 21.  Counsel requests a 25% contingency fee award in the amount of $10,381.26.  *Id*.  The Commissioner responded to counsel's motion and specifically asserted "no objection" to the requested "fee being awarded to [c]ounsel."  Doc. 22.  Accordingly, counsel's unopposed motion for attorney's fees is ripe for decision.

In support of the motion, counsel attaches, among other documentation, a contingency fee agreement executed by Plaintiff and a copy of the Commissioner's award letter informing

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff that she will receive $51,073.50 in past-due benefits.  Docs. 21-3, 21-4.  Counsel also submits a summary of all legal services provided to Plaintiff in this Court.  Doc. 21-2.

## I.

In Social Security SSI cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal.  *See* 42 U.S.C. § 1383(d)(2).  However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal.  *Id*.  Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.  *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id*.  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id*.  Such an award is not improper merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id.*  "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Counsel represents that she performed 74.50 hours representing Plaintiff in this case before this Court.  *See* doc. 21-2 at PageID 1032-35.  Counsel's requested fee of $10,381.26, divided by the 74.50 hours spent working on the case, results in a hypothetical hourly rate of $139.35, a rate the Commissioner agrees is reasonable, *see* doc. 22 at PageID 1089, based upon previous cases in this Court finding that counsel's reasonable hourly rate is at least $250.00. *Brandenburg v. Comm'r of Soc. Sec.*, No. 3:09-cv-349, slip op., doc. 13 at PageID 129-30 (S.D. Ohio filed Mar. 31, 2011) (approving counsel's request to approve a $250.00 hourly rate).  The undersigned -- based upon a review of all of the foregoing -- agrees that the fee sought is reasonable and does not result in an undeserved windfall.

## II.

Accordingly, it is  **RECOMMENDED THAT**: (1) Plaintiff's motion for attorney's fees under the Social Security Act (doc. 21) be **GRANTED**; (2) Plaintiff's counsel be **AWARDED** the requested sum of $10,381.26 in attorney's fees; and (3) this case remain **TERMINATED** on the Court's docket.

Date:   August 11, 2016                              *s/ Michael J. Newman*
                                                     Michael J. Newman
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).